In the Matter of CURTIS L. LYMAN, SR., an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Appellant.

Fourth Department, March 16, 1990

**APPEARANCES OF COUNSEL**

*Gerard M. LaRusso* for appellant.

*Emil M. Rossi* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Curtis L. Lyman, Sr. was admitted to the practice of law by the Appellate Division, Fourth Department, on October 2, 1951. At the time the petition was filed he was the part-time Orleans County District Attorney. He has been

charged by the Grievance Committee of the Eighth Judicial District with professional misconduct involving violation of six disciplinary rules in connection with his representation of clients in 15 civil actions while, at the same time, he was either investigating or prosecuting matters related to those actions as District Attorney. Respondent filed an answer denying the charges in the petition and the matter was referred to a Referee who made findings of fact.

We confirm the findings of fact contained in the Referee's report, which sustained 7 of the 15 allegations in the petition. Respondent's conduct in representing clients in the seven civil matters while he was simultaneously investigating or prosecuting those matters as District Attorney constituted violations of the following disciplinary rules of the Code of Professional Responsibility: DR 5-101 (A), accepting employment when the exercise of professional judgment on behalf of a client will be or reasonably may be affected by his own financial, business, property or personal interest; DR 5-105 (A) through (D), accepting employment where his independent professional judgment could be compromised; DR 9-101 (A) and (B), failing to avoid the appearance of impropriety by accepting private employment in matters on which he acted in a judicial capacity or in which he had substantial responsibility while he was a public employee. In each instance, respondent should have recognized the conflict of interest and moved for the appointment of a special prosecutor.

On oral argument of this matter, respondent contended in mitigation that he unsuccessfully attempted on other matters, not in issue here, to have a special prosecutor appointed. Respondent's conduct cannot be condoned and we conclude that he should be censured.

Boomer, J. P., Pine, Balio, Lawton and Davis, JJ., concur.

Order of censure entered.